## Federal Life Insurance Company v. Honora Flanigan.

INSURANCE—*effect of incontestable clause.* An incontestable clause contained in an insurance policy precludes the company from relying upon the fraud of the applicant as a ground of defense.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

C. A. ATKINSON and DYER & WALLBRIDGE, for appellant.

C. M. BRIGGS, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Honora Flanigan brought suit in the Circuit Court of Vermilion county against the Federal Life Insurance Company upon a policy of insurance issued by said company upon the life of James Flanigan, husband of said Honora, to recover the amount due her as beneficiary. There was a judgment in favor of Honora Flanigan for the amount named in the policy and interest, from which the insurance company has prosecuted an appeal.

The declaration set up in substance that on the eighth day of November, 1901, said appellant, for a good and valuable consideration, issued its policy of insurance in favor of appellee upon the life of James Flanigan in and by the terms of which it agreed to pay, at the death of said James Flanigan, to the said appellee, the sum of $1,000, on satisfactory proof being made of the death of the said James; that all premiums due upon said policy had been paid prior to the time of the death of the insured and all terms and conditions of the policy complied with; that said James Flanigan died on the sixth day of April, 1905, and that proof thereof was made on the twenty-second day of the same month.

Appellant filed seven special pleas which set up the following defense, in substance, that James Flanigan, the assured, in his application, knowingly and fraudulently concealed from appellant that his father, mother and other relatives had died of consumption, and that he, himself, had had hemorrhages of the lungs shortly prior to the time of the issuing of the policy of insurance; that such concealment was for the purpose of fraudulently procuring from appellant the said policy of insurance and that appellant relied upon said statements so made by the said assured as being

true in every respect and that the policy was therefore not enforceable against appellant.

To these pleas appellee filed a replication in which she charged that the policy of insurance had in it an "incontestability" clause in the words following: "This policy shall be incontestable after one year from the date of issue for the amount due, provided the premiums are fully paid," and that a period of more than one year had expired after the issuing of the policy before the death of the insured and that all premiums had been duly paid as specified, and that by reason thereof appellant was barred from pleading the matters in said pleas set forth. To this replication a demurrer was filed by appellant, which was overruled by the court and thereupon appellant elected to abide by its demurrer, whereupon the court entered judgment.

Only one question is presented for our determination and that is whether or not the "incontestability" clause is a bar to appellant's setting up fraud as stated in the pleas.

We do not regard the question as an open one in this state but one that has been fully settled in the case of Royal Circle v. Achterrath, 204 Ill. 549-559, where the court say: "Stipulations to the effect that the policy or certificate shall become incontestable for fraud in procuring the same after a lapse of a specified period from the date of its issue have been held valid as creating a short statute of limitations in favor of the insured and as giving the insurer a limited period for the purpose of testing the validity of the policy."

In such cases the company or association cannot set up fraud as a defense, if the period so fixed is sufficient to enable the company or association, by the exercise of proper diligence to ascertain whether fraud has been practiced or not. Such clauses making a policy or certificate incontestable for fraud have fixed such period at from one to three years from the date

598     APPELLATE COURTS OF ILLINOIS.

VOL. 134.]     Springfield Cons. Ry. Co.. v. Wright.

of the issuance of the policy or certificate,'' citing many cases in support thereof. There was no error in overruling appellant's demurrer and the judgment is affirmed.

*Affirmed.*